Adil Hiramanek
80 South Market Street
San Jose, CA 95113
Telephone: (408) 673-7560

Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Alleged Violation No. 4708212 |
|---|---|
| Plaintiff | **ADA REQUEST FOR ACCOMMODATION TO APPEAR REMOTELY** |
| v. | U.S. Magistrate Judge: Hon. Michael J. Seng |
| ADIL HIRAMANEK, | |
| Defendant | *Request a remote oral hearing if motion is not granted on written pleadings* |

This matter arises from a $200 *alleged* traffic violation. Defendant ["Def."] Adil Hiramanek is medically diagnosed to be disabled, suffering from multiple disabilities that fall under the ADA statute, 42 U.S.C. §12102(1). Def.'s treating medical physician has approved a DMV handicap permit application.

Under 42 U.S.C. §12102(4)(A) "The definition of disability in this chapter shall be <u>construed in favor of broad coverage</u> of individuals under this chapter, to the maximum extent permitted by the terms of this chapter"; "An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active", §12102(4)(D).

Per 42 U.S.C. §12102(E)(i) "The determination of whether an impairment substantially limits a major life activity shall be made <u>without regard to</u> the ameliorative effects of mitigating measures such as—
  (I)  medication, medical supplies, equipment, or appliances, low-vision devices (which do not include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies;

  (II)  use of assistive technology;

  (III)  reasonable accommodations or auxiliary aids or services; or

---

(IV) learned behavioral or adaptive neurological modifications".

Besides other factors, Def. seeks a remote telephone appearance for (1) pretrial hearings and (2) trial, if any, in this matter, and (3) if possible, appoint counsel itself as an ADA accommodation as his disability prevents Def. from personal appearance, putting weight on his feet, and doing anything but keeping the foot elevated and iced.

This court is a "public entity" under 42 U.S.C. §12131(1), and subject to ADA statute. *Next*, the ADA statute [42 U.S.C. §12131 et al, and the Federal Regulations under Title II are codified under 28 C.F.R.§35. Pursuant to 28 CFR §35.107 "A public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with ..under this part [ADA statute]". Most Federal Courts, including the Eastern District Court, hires and assigns a court employee that performs the function of an ADA coordinator who makes decisions on ADA requests for Accommodation.

On Aug. 25, 2016, Def. contacted Ms. Laurie Yu, seeking identity of the Yosemite Court's statutory designated ADA coordinator. Ms. Yu referred Def. to Ms. Becky Rubenstein at Fresno. The latter stated that although she is the access coordinator and provider of reasonable accommodations, the ADA request should be made before the Judge. [See attached and marked Exhibit A, chain of email correspondence corroborating the above].

It is well established that courts routinely provide *telephone appearance* accommodation in the context of an ADA accommodation. See *Reed v. Illinois*, 119 F. Supp. 3d 879 (N.D. Ill. 2015)[1]; see *Goldblatt v. Geiger*, 867 F.Supp.2d 201 (2012)[2]; see *Brown v. Cowlitz Cty.*, No. C09-5090 FDB, 2009 WL 3172778, at *2 (W.D. Wash. Sept. 29, 2009); see *McCauley v. Georgia*, 466 F. App'x 832, 834 (11th Cir. 2012)[3]. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the

---

[1] Judgment entered against Court, despite telephone appearance + e-mailing allowed as an ADA accommodation.

[2] ("the court [for all ADA requests, see Oct-Nov 2010, Mar. 2011, Jun. 2011 hearings] granted [Pltf.]'s request to appear telephonically", at 205, for Family Court hearings /proceedings. "[Pltf.] does not allege that she ever had to attend any hearing or court proceeding without her requested accommodations. Instead, her allegations make clear both that she has attended every proceeding telephonically, and that the Salem Court has granted all of her requests for accommodations.. she was allowed to appear telephonically while the Family Court considered her [other ADA] request", 211

[3] "clerks allowed her to file documents via email, [and] appear[] via telephone"

---

USA v. Hiramanek,    ADA Request For Accommodation To Appear Remotely    2

Fourteenth Amendment." *Christopher v. Harbury,* 536 U.S. 403, 415 n. 12, (2002)). "At its core, due process reflects a fundamental value in our American constitutional system." *Boddie v. Connecticut,* 401 U.S. 371, 374, (1970). Due process requires "**at a minimum**, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a **meaningful**[4] opportunity to be heard." *Boddie,* 401 U.S. at 377. "A "reasonable accommodation" is one that gives the otherwise qualified plaintiff with disabilities "meaningful access" to the program or services sought. *Alexander v. Choate,* 469 U.S. 287, 301, (1985)"[5]. Undisputedly "Title II's [imposes an] **affirmative** obligation to accommodate persons with disabilities in the administration of justice"[6] *Tennesse v. Lane* 541 U.S. 509 512 also 532-533, (1978)", see *Goldblatt* supra, 208. Civil litigants have a due process right to "a meaningful opportunity to be heard" in judicial proceedings. *Id.* at 523. Denial of telephone appearance has been found to *frustrate, impede,* a litigant's ability/access to justice[7]. "The entire ADA regulatory scheme is premised on the disabled individual being given accommodation choices which a public entity must honor, not on the public entity dictating the form of accommodation to the disabled individual", *Pierce v. City of Salem,* No. CIV. 06-1715-ST, 2008 WL 4415407, at *20 (D. Or. Sept. 19, 2008)

ADA statute[8] requires that "[t]he public entity <u>must</u> provide an opportunity for individuals with disabilities to request the auxiliary aids and services <u>of their choice. This expressed choice shall be given primary consideration by the public entity</u> (§ 35.160(b)(2)). The public entity shall honor the choice unless it can demonstrate that another effective means of communication exists or that use of the means chosen would not be required under § 35.164"[9]. See also, "The most obvious problem with this argument is that it conflicts with the regulatory mandate that a public entity honor a disabled person's

---

[4] "The protection afforded *1199 by the ADA is characterized as a guarantee of 'meaningful access' to government benefits and programs", *Briggs v. Walker,* 88 F. Supp. 2d 1196, 1198-99 (D. Kan. 2000)
[5] "As we have held, meaningful access must be defined with reference to the plaintiff's facial entitlement to benefits", *Henrietta D. v. Bloomberg,* 331 F.3d 261, 282 (2d Cir. 2003)
[6] "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Christopher v. Harbury,* 536 U.S. 403, 415 n. 12, (2002))
[7] Plaintiff's right of access was imperiled if she was "hindered" in "[her] efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343, 351, (1996).
[8] 42 USC Chapter 126 et al.; 28 C.F.R. 35 et seq.
[9] See 28 C.F.R. 35, Appendix B, under Subpart E—Communications, Section 35.160 General

---

choice of auxiliary aid or service"[10].

All the ADA applicant needs to show is that "a reasonable accommodation [telephonic appearance] exist"[11]. Since the requested ADA accommodation of telephone appearance is offered by this court, the public entity, even to non-disabled applicants, it is not going to cause any undue burden on this Court to grant the accommodation.

Given (1) the narrowly tailored request, limited to only pretrial hearing(s), (2) given the liberal use of telephone appearance in Federal Courts, (3) given the technological advances in communications, (4) given the legal standard, (5) given the Rule 58 petty traffic infraction, Def. requests that Court grant Def.'s ADA request for accommodation (1) to appear telephonically for *pre-trial* hearings in this case, (2) to appear telephonically for *trial,* if any, (3) if possible, appoint counsel itself as an ADA accommodation [see *Reed v. Illinois*, F.Supp.3d, WL4727754 at *4 (2015)].

Respectfully submitted,

Dated: Sep. 15, 2016

*[signature]*
———————————
Adil Hiramanek

---

[10] See *Chisolm v. McManimon*, 275 F.3d 315, 327 (3d Cir. 2001); see also *Hayden v. Redwoods Cmty. Coll. Dist.*, No. C-05-01785NJV, 2007 WL 61886, at *9 (N.D. Cal. Jan. 8, 2007). "In resolving **1291 a ..request for accommodation, a judge should give primary consideration to the accommodation requested. Cf. 28 C.F.R. § 35.160(b)(2)", *In re McDonough*, 457 Mass. 512, 525, 930 N.E.2d 1279, 1290-91 (2010)

[11] "A disabled individual who has suffered discrimination under Title II bears the initial burden of demonstrating that a reasonable accommodation exists [citing *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir.1999)", *Garner v. State Dep't of Health & Soc. Servs., Div. of Med. Assistance*, 63 P.3d 264, 270 (Alaska 2003);

"The plaintiff in an ADA Title II action bears the burden of showing that a reasonable modification is available. *Vinson v. Thomas,* 288 F.3d 1145, 1154 (9th Cir.2002)", *Martin v. Taft*, 222 F. Supp. 2d 940, 972 n. 26,(S.D. Ohio 2002)

"The plaintiff bears the initial burden of proving that a reasonable accommodation exists and that this accommodation would enable him to participate in the program. *Wong v. Regents of Univ. of Cal.,* 192 F.3d 807, 816–17 (9th Cir.1999)", *Rose v. Rhorer*, No. 13-CV-03502-WHO, 2013 WL 5913656, at *2 (N.D. Cal. Oct. 31, 2013); see also *Ernest v. Univ. of Phoenix*, No. 08-CV-2363-H (POR), 2009 WL 4282006, at *3 (S.D. Cal. Nov. 25, 2009)

Adil Hiramanek
80 South Market Street
San Jose, CA 95113
Telephone: (408) 673-7560

Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Def.<br>v.<br>ADIL HIRAMANEK,<br>Defendant | Alleged Violation No. 4708212<br>[PROPOSED] **ORDER**<br>U.S. Magistrate Judge: Hon. Michael J. Seng |

The Court has considered Defendant Adil Hiramanek's ADA Request for Accommodation to Appear Remotely.

~~For good cause appearing,~~ Defendant's above request is ~~GRANTED/~~ DENIED. NO GOOD CAUSE SHOWN. (M) ~~Defendant may appear remotely for all / pre-trial hearings in this case~~.

IT IS SO ORDERED.

DATED: 9/15/16

_____
United States District Judge

USA v. Hiramanek,    ADA Request For Accommodation To Appear Remotely    1

**EXHIBIT A**

**Subject:** Re: Fw: ADA
**From:** BRubenstein@caed.uscourts.gov (BRubenstein@caed.uscourts.gov)
**To:** hiramane2@yahoo.com;
**Cc:** LYu@caed.uscourts.gov;
**Date:** Tuesday, September 6, 2016 3:12 PM

Hello Mr. Hiramanek,

The United States District Court provides reasonable accommodations to persons who have communication disabilities. Your request to appear remotely is in the sole discretion of the Judge. I suggest that you direct your request to the Judge Seng's Courtroom Deputy, Laurie Yu, to whom I will forward a copy of your email.

Thank you,

Becky Rubenstein



Rebecca Rubenstein
Staff Interpreter - Coordinator
U.S. District Court
Eastern District of California
Fresno Division
(559) 499-5611
brubenstein@caed.uscourts.gov

**From:** <hiramane2@yahoo.com>
**To:** "BRubenstein@caed.uscourts.gov" <BRubenstein@caed.uscourts.gov>
**Date:** 09/06/2016 02:50 PM
**Subject:** Re: Fw: ADA

---

Hi Becky,

Since you are the court's "access/ADA coordinator", I am seeking a remote appearance, by phone, at the Sep. 13, 2016, 1 pm hearing, the first hearing on a traffic ticket matter, before the Yosemite court, due to my medical disability, as an ADA accommodation request.

If necessary, I will be happy to produce medical documents in support of my disability, to be viewed only by the court personnel under camera, for privacy reasons.

Please confirm and respond by end of today.

Thank you
Adil Hiramanek
408 673 7560

**From:** "BRubenstein@caed.uscourts.gov" <BRubenstein@caed.uscourts.gov>
**To:** hiramane2@yahoo.com
**Sent:** Thursday, August 25, 2016 11:08 AM
**Subject:** Re: Fw: ADA

Hello Adil,

What is your last name? The ADA does not apply to the Federal Court, but I am the Access Coordinator for our court and we do provide reasonable accommodations to persons with communications disabilities. Do you have a disability I can help you with?

Thank you,

Becky



Rebecca Rubenstein
Staff Interpreter - Coordinator
U.S. District Court
Eastern District of California
Fresno Division
(559) 499-5611
brubenstein@caed.uscourts.gov

From: <hiramane2@yahoo.com>
To: "brubenstein@caed.uscourts.gov" <brubenstein@caed.uscourts.gov>
Date: 08/25/2016 10:04 AM
Subject: Fw: ADA

Hi Ms. Becky,

Are you the designated ADA assigned person, or ADA coordinator for the Yosemite Court?

Do you work at the Yosemite court?

What is your job title?

Thank you
Adil

---- Forwarded Message ----
**From:** "LYu@caed.uscourts.gov" <LYu@caed.uscourts.gov>
**To:** hiramane2@yahoo.com
**Sent:** Thursday, August 25, 2016 9:58 AM
**Subject:** Re: ADA

You may contact Becky Rubenstein or ADA coordinator for the Federal Court. She may be contacted at 559-499-5611 and

her email address is brubenstein@caed.uscourts.gov

Have a nice day!



*Laurie C. Yu,*
*Yosemite Deputy Clerk*
*U.S. District Court*
*Eastern District of California*
*(209)372-0320*

---

## Attachments

- Untitled2.jpeg (24.33KB)
- Untitled3.jpeg (24.33KB)
- Untitled4.jpeg (15.28KB)