# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:16-cr-206-LJO-1 |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE DEFENDANT'S NOTICE OF APPEAL (Doc. 11) |
| v. | |
| ADIL K. HIRAMANEK, | |
| Defendant. | |

Pro se Defendant-Appellant Adil K. Hiramanek was cited for speeding in Yosemite National Park. *See* Doc. 1. Hiramanek requested that he be permitted to appear telephonically for all matters, claiming that he is disabled and that his request is one for reasonable accommodation under the Americans with Disabilities Act ("ADA"). Docs. 4-5. On September 30, 2016, the Magistrate Judge granted his request as to pretrial proceedings, but denied his request to appear at the trial telephonically. Doc. 7. The trial was then set for January 25, 2017. Doc. 10.

On December 14, 2016, Hiramanek filed a notice of appeal of the Magistrate Judge's order denying his request to appear at the trial telephonically. Doc. 11. In his notice of appeal, Hiramanek purports to appeal that decision under 28 U.S.C. 1292(a)(1) and Federal Rule of Criminal Procedure 58(g). *Id.*; *see also* Doc. 14 at 7. In his opening brief, but not his notice of appeal, Hiramanek claims this Court has jurisdiction under 28 U.S.C. § 1291 and Local Rule 422. The Court need not recount or summarize Hiramanek's 50-plus pages of briefing on the matter because the Court lacks jurisdiction over his appeal.

On its face, § 1292(a)(1) applies only to injunctions. The statute is wholly inapplicable here.

Likewise, § 1291 applies only to courts of appeals and "final decisions of the district courts."[1]

Local Rule 422 also does not apply here. The Rule applies only to appeals from a conviction by a Magistrate Judge, which has not occurred in this case.

Finally, Hiramanek's notice of appeal, filed almost 90 days after the Magistrate Judge's order, is untimely under Rule 58(g). *See* Rule 58(g)(2)(A) ("Either party may appeal an order of a magistrate judge to a district judge within 14 days of its entry . . .").

The Court therefore lacks jurisdiction over Hiramanek's appeal. Accordingly, the Court DISMISSES the appeal for lack of jurisdiction.[2]

IT IS SO ORDERED.

Dated:   **March 6, 2017**                    **/s/ Lawrence J. O'Neill**
                                              UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Even assuming § 1291 or 1292 applied here, Hiramanek's appeal is untimely under either statute. *See* Fed. R. App. 4(b)(1) (14-day deadline for filing notice of appeal in criminal case); Rule 58(g)(2)(A) (same). Further, "[u]nder 28 U.S.C. § 1291, criminal cases generally are not subject to appellate review until after conviction and sentence." *United States v. Lewis*, 368 F.3d 1102, 1104 (9th Cir. 2004) (citation and quotation marks omitted).

[2] Even if the Court had jurisdiction over Hiramanek's appeal, it would be denied because it is premised entirely on the Magistrate Judge's order allegedly violating the ADA. However, "the ADA does not apply to federal courts." *Roman v. Jefferson at Hollywood*, 495 Fed. App'x 804, 805 (9th Cir. 2012) (citing 42 U.S.C. § 12131(1)(A)).